**UNITED STATES, Appellee,**

v.

**Private First Class (E-3) Caleb YOUNG, SSN 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, United States Army, Appellant.**

**SPCM 13663.**

U. S. Army Court of Military Review.

2 March 1979.

---

4. *See* n.2, *supra.*

976

Captain R. Wade Curtis, JAGC, argued the cause for appellant. With him on the pleadings were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Willard E. Nyman, III, JAGC.

Captain Stephen D. Smith, JAGC, argued the cause for appellee. With him on the pleadings were Colonel Thomas H. Davis, JAGC, and Major Robert B. Williams, JAGC.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant was convicted pursuant to his pleas of failure to repair, disrespect to a noncommissioned officer, and failure to obey the orders of a noncommissioned officer. He was also convicted, contrary to his plea, of wrongful communication of a threat. The stated offenses were in violation of Articles 86, 91, 92, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 891, 892, and 934. His approved sentence included a bad-conduct discharge and other accessory punishments.[1]

Among several assignments of error, appellant through counsel alleges that the military judge committed error in failing to enter a plea of not guilty to Specification 1, Charge III, after evidence received during the trial established that the plea was entered improvidently. We agree and order the specification dismissed for the reasons hereafter set forth.

At trial the appellant entered a plea of guilty to the following charge and specification among others:

Charge III: Violation of the Uniform Code of Military Justice, Article 92.

1. The appellant was sentenced to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $265.00 pay per month for six months. The convening authority, pursuant to a pretrial agreement, approved the sentence but suspended forfeitures in excess of $175.00 per month for three months and confinement at hard labor in excess of three months for a period of six months with provision for automatic remission.

Specification 1. In that Private First Class Caleb Young, US Army, Company B, 3rd Battalion, 11th Infantry, having knowledge of a lawful order issued by Sergeant First Class Donald J. Lavoie to pull guard on his personal equipment until he got locks for the containers, an order which it was his duty to obey, did at Fort Polk, Louisiana, on or about 12 July 1978, fail to obey the same.

The military judge held a providency inquiry pursuant to the requirements of *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), in which it was established that on 12 July 1978 Sergeant First Class Lavoie, the appellant's platoon sergeant, after ascertaining that the appellant did not have any locks on his wall lockers, gave the appellant an order to personally guard his wall lockers 24 hours a day until he had replaced the missing locks. The order further authorized the appellant to leave the area in which he was guarding his own wall lockers only for mess or to use the latrine and then only if he notified the barracks guard. In response to a question by the military judge, the appellant admitted that he left the area without notifying the barracks guard. The exact time and place and other circumstances of the appellant's delict were not clarified by the military judge nor otherwise set forth in the record. The military judge further inquired of the appellant as to how he was to get locks for his wall lockers and the appellant replied that he did not know as he wasn't allowed to leave his area for that purpose.

After the providency inquiry was concluded and the court had commenced hearing evidence with regard to an alleged assault, the appellant's squad leader, Sergeant Jones, testified that after 1600 hours on the day in question the appellant and other members of his squad were directed to clean their barracks areas and personal equipment. Sergeant Jones found the appellant sleeping on his bed. He awakened the appellant and reminded him of his responsibility. Five minutes later he again observed that the appellant was not complying with his instructions and directed appellant to clean up his area specifically pointing out a pile of dirt beside appellant's footlocker. Sergeant Jones returned to appellant's area a third time and again observed that appellant was not cleaning his area and gave appellant an additional order that "if he couldn't work in his area or something to work in the squad area and to clean out the butt cans."[2] The appellant complied with the order and took the butt cans to the latrine. Upon his return, Jones pointed out the previous order of Sergeant First Class Lavoie and reminded appellant that he had left his area without checking with the barracks guard. Jones further testified that the appellant had a lot of trouble with wall lockers being unsecured and he had been ordered that "if he wasn't going to buy a lock for his wall locker he was going to have to guard those wall lockers until he got locks for em." Whether the foregoing incident observed by Sergeant Jones was the offense to which the appellant pleaded guilty is not clear in the record of trial.

The military judge is required during a providency inquiry to explain the elements of the offenses charged to an accused and question him about what he did or did not do, what he intended, and to set forth on the record the basis for the determination by the military judge whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty.[3]

Article 45(a), U.C.M.J., 10 U.S.C. § 845(a), provides in part that if an accused after a plea of guilty sets up matter inconsistent with the plea, a plea of not guilty shall be entered in the record, and the court shall proceed as though the accused had pleaded not guilty. Here, it was incumbent upon the military judge to establish on the record that an offense had been committed and

---

2. See page 47 of the record of trial.

3. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969).

that the accused committed acts or omissions which constituted that offense.

 The military judge's inquiry into the factual background of the charged offense failed to comply with the cited authority in several respects. The appellant's response with regard to the content of Sergeant Lavoie's order indicated that the order itself may have been illegal as both the testimony of the appellant and that of his squad leader indicated that the appellant could not lawfully depart his area for the purpose of securing lock(s) for his wall locker(s). Further, the squad leader's testimony indicates that the appellant may have been required to purchase the required locks from his own funds. If so, no showing was made as to whether the appellant had sufficient funds for such a purchase. In short, the evidence of record strongly suggests that the order given the appellant may have suffered from an impossibility of performance.[4] Accordingly, we believe it was incumbent upon the military judge to inquire deeper into the matter.[5] His failure to inquire and to establish on the record the factual basis to which we have already alluded resulted in a deficient providency inquiry.[6]

In view of the foregoing, the Court has the option of returning this case to the convening authority for a rehearing on this specification or setting aside the findings of guilty as to subject specification and reassessing the sentence in light of the error and prejudice to the appellant resulting therefrom. In the interest of justice and limiting the length of litigation, we deem it appropriate to terminate the litigation at this level.[7]

 The remaining assignments of error have been considered and are deemed to be without merit. The finding of guilty of Specification 1, Charge III, is set aside and that charge is dismissed. Reassessing the sentence on the basis of the above indicated error, our action herein and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $175.00 per month for three months.

Senior Judge JONES and Judge LEWIS concur.

---

4. *Cf. United States v. Gordon*, 3 C.M.R. 603 (A.F.B.R.1952), an order which is not palpably illegal on its face is clothed with a presumption of legality. However, when a strong showing is made which indicates the order is unlawful the presumption vanishes, and the issue of lawfulness must be determined as an interlocutory question by the military judge. *United States v. Trani*, 3 C.M.R. 25 (A.B.R.1952); *United States v. Lewis*, 46 C.M.R. 419 (A.C.M.R.1972).

5. The military judge's providency inquiry at page 17 of the record of trial indicates that he had some perception of the issue as he asked the appellant how he would get the required locks if he was sitting in his area pulling guard on his equipment.

6. *Cf. United States v. Russell*, 2 M.J. 433 (A.C.M.R.1978).

